THE PEOPLE v. GEORGE MILLER.

*Alternative sentence—Self-defense.*

A justice's sentence to pay $40 in twenty-four hours or go to jail for sixty days, is allowable under Act 6 of 1881.

One who commits an act of unlawful force and thereby brings on a conflict in which he assaults another, cannot excuse the assault by showing that the person assailed was reputed to be violent and that he acted in self-defence.

Error to Ingham. Submitted June 20. Decided June 27.

COMPLAINT for assault and battery. Respondent brings error. Affirmed.

Attorney General *Jacob J. Van Riper* for the People.

*A. B. Haynes* and *Huntington & Henderson* for respondent.

GRAVES, C. J.    Miller was tried before a justice of the peace for a criminal assault on one Talman, and the jury found him guilty. The justice sentenced him to pay $40 in twenty-four hours, and in case of default in payment of the fine, then to be imprisoned in the common jail for the space of sixty days. The circuit court affirmed the conviction and the defendant brought error.

The first objection is made against the sentence, which is said to be erroneous under the ruling in *Brownbridge v. People* 38 Mich. 751. The late amendment of the statute

must have been overlooked. Pub. Acts of 1881, p. 4. The justice conformed his judgment to the existing law, as will be seen by referring to it. The decision cited was upon the statute before the recent alteration.

The circumstances connected with the battery were substantially as follows: Talman, the complaining witness, had impounded in his barn some cows belonging to Miller and his father, and they went to the barn and found Talman inside trying to close the door; and they immediately endeavored to force it open against his efforts to close it. They succeeded in their interference and by strong hand got the door ajar. At that stage of the violence Talman, as they say, made a thrust at them with a pitchfork which the elder Miller warded off and then wrenched the fork out of Talman's hands. That defendant then knocked Talman down.

The defendant and his father were respectively allowed to testify at length that Talman was reputed to be a man of violence and ungovernable temper and accustomed to use dangerous weapons. The defence then called one Rolfe and offered to show by him that such was Talman's reputation and the justice excluded it on objection. The remaining point is based on this ruling. The defendant has no reason to complain. The discretion of the justice was exercised with great indulgence when he permitted the defendant and his father to testify fully on this subject. There can be no pretence that the defendant was acting in self-defence or that he entertained any fear of Talman. He with his father were on complainant's premises for the purpose of doing an act without license or right. They went voluntarily to the barn and with the evident design of forcing it open against the resistance of the owner. They precipitated a conflict. Their first act was one of unlawful force, and however true it may be that Talman was not justified in resisting with his pitchfork, it is equally true that the defendant was not under any apprehension from Talman's reputation of being a man of violence. The defendant and his father sought for him and courted the affray. They

combined their strength to assail him on his own premises and were wanton aggressors. The point is governed by *People v. Garbutt* 17 Mich. 9; see also Whart. Cr. Ev. §§ 71, 72, 73; *Abbott v. People* 86 N. Y. 460.

The judgment of the circuit court is correct and should be affirmed.

The other Justices concurred.