THOMAS HOGAN, as Administrator of JOHN HOGAN, Deceased, Respondent, *v.* THE CENTRAL PARK, NORTH AND EAST RIVER RAILROAD COMPANY, Appellant.

124b 647
145   213
124        647
  Case 2
77 AD  164

(Argued February 4, 1891; decided March 3, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 7, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The following is the opinion in full :

" This action was begun February 10, 1888, to recover, under section 1902 of the Code of Civil Procedure, damages of the defendant for having, as it is alleged, on the 18th day of August, 1887, negligently caused the death of the plaintiff's son, a lad twelve years old. At the date of the accident the defendant owned and operated a surface railroad in Fifty-ninth, and in other streets in the city of New York, using in part cars drawn by one horse and managed solely by a driver. About nine o'clock in the evening of August eighteenth, the decedent and several boys not intending to pay their fares got

onto the rear platform of one of defendant's cars then going west in East Fifty-ninth street, and between First and Second avenues. Before the car reached Second avenue all of the boys, at the command of the driver, left it, except the decedent, who sat on the south or left side of the rear platform. As the car crossed Second avenue, Frank Ribarvarro, a lad fifteen years old, got onto the north or right side of the same platform for the purpose of having a free ride. When the car was about opposite No. 224 East Fifty-ninth street the driver started to go towards the rear platform for the purpose of compelling the boys to leave the car, but before he reached them they jumped off, Ribarvarro on the north and the decedent on the south side, the latter falling under one of the defendant's cars running east on the other track and was killed. It is not asserted that the driver touched either boy, but it was testified that he went towards them in a threatening manner and so terrified them that they jumped off in the manner described, and it is alleged that the defendant's driver negligently caused the accident. Whether he threatened the lads with bodily harm was contested on the trial, and the question of liability was held to turn upon the decision of that question of fact. The jury was instructed: 'If you believe from the evidence that this driver advanced in a menacing manner upon these boys at that instant, and impressed himself, or manifestly was likely to impress upon their minds the fact that they were in danger of assault, no matter how little from him in his effort to drive them, and chiefly the deceased boy, from the car, why then, so far, that would be an element that would warrant you in coming towards the conclusion that the driver of the car was negligent in his conduct towards the deceased boy.' To this instruction the defendant excepted and requested the court to charge: 'If the jury believe that the plaintiff's intestate was stealing a ride on defendant's car, and that the driver intended no personal injury to the plaintiff's intestate, but ordered him off and made a feint as if to go and put him off, because he believed it to be the least harmful mode of removing him, the defendant is not liable.' The court declined to charge on this subject otherwise than it had, and the defendant excepted. Thereupon the defendant requested the

court to charge: 'If the boy's want of care in jumping off the car, was the cause of the injury, then he was guilty of contributory negligence, and the plaintiff cannot recover.' The court refused so to charge, and the defendant excepted. Testimony had been given tending to show that the car which the decedent jumped or fell in front of could have been seen by him for some little time before the accident. It was also testified that the driver did not let go of the lines with which he managed his horse—did not approach within several feet of the boys; nor threaten them with violence. The evidence being sufficient to have authorized the jury to find that the decedent negligently and unnecessarily jumped towards or in front of the moving car, it was error for the court to refuse the request last above quoted, for which a new trial must be granted.

"This case is quite different from *Clark* v. *N. Y., L. E. & W. E. R. Co.* (40 Hun, 605; affd. 113 N. Y. 670), in which case there was no conflict of evidence. The defendant called no witnesses, and it was established beyond dispute that the plaintiff was driven from the steps of the moving caboose on a steam railroad by an assault of the defendant's employes.

"In the course of the charge, several expressions were let fall well calculated to excite prejudice and hostility in the minds of the jury towards the defendant and sympathy for the plaintiff, which had not a tendency to induce a deliberate and impartial consideration and determination of the issues between the parties, and we think the remarks referred to quite suffi-cient to have justified the General Term in granting a new trial because of them. (*Hamilton* v. *Third Avenue Railroad Co.*, 53 N. Y. 25; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 506; Baylies on New Trials & Appeals, 125.)

"The judgment should be reversed and a new trial granted, with costs to abide the event."

*Henry Thompson* for appellant.

*Daniel P. Hays* for respondent.

FOLLETT, Ch. J., reads for reversal and new trial.

All concur, HAIGHT and BROWN, JJ., in result, except BRADLEY, J., dissenting.

Judgment reversed.