### EHRMAN *v.* BROOKLYN CITY R. Co.

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

1. HORSE AND STREET RAILROADS—INJURIES TO PERSONS ON TRACK—CHILDREN.

Plaintiff, an infant three and a half years old, started across the street from his residence, with another boy ten years old, and after reaching the opposite side, some one calling him, started back to recross the street with the other boy, and in so doing came in collision with defendant's car, advancing at a full gallop, and sustained injuries necessitating the amputation of his leg. Defendant's driver had seen the child cross the first time, but was looking the other way when it attempted to recross. Plaintiff's parents kept a bakery opposite the scene of the accident, and, while its mother's attention was diverted by a customer, the child left the sidewalk to cross the street. *Held,* that the evidence was sufficient to sustain a verdict against the defendant, and that there was no negligence on the part of the parent, in allowing the child to play on the sidewalk, that could be imputed to said child.

2. DAMAGES—EXCESSIVE—PERSONAL INJURIES—LOSS OF LEG.

Damages in the sum of $25,000 for the loss of a leg by an infant, through the negligence of defendant, a street-railroad company, cannot be held to be excessive.

Appeal from circuit court, King's county.

Action by Frank W. Ehrman, an infant, against the Brooklyn City Railroad Company, to recover damages for personal injuries sustained by the plaintiff. There was a judgment for the plaintiff, and the defendant appeals from an order denying a motion for a new trial upon the minutes of the court.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Moore & Wallace,* (*Thomas S. Moore,* of counsel,) for appellant. *Dailey & Bell,* for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon a verdict in favor of the plaintiff for $25,000 in an action based upon negligence, and from an order denying a motion for a new trial upon the minutes of the court. The testimony on the part of the plaintiff tended to show that he was an infant child about three years and six months old; that he started to cross the street from his residence in the city with another boy, who was about ten years of age, and when he reached the opposite side of the street some one called him, and he started back to recross the street with the other boy; that when the plaintiff reached the track of the defendant's road nearest his house one of the cars came along with the horses upon a gallop, while the driver was looking the other way, and the near-side horse struck the boy with his near-side fore leg, and knocked him down, and before the car was stopped the forward wheel had crushed the boy's leg, so that amputation became necessary, and the leg was taken off about two inches above the knee. To establish the freedom of the parents from negligence in respect to the care of the plaintiff, the proof was that they carried on a bakery, with the store in the front room. Immediately previous to the accident the child was upon the sidewalk, where his mother could see him, and she looked out and saw him with the older boy, and then turned to wait upon a customer, when she heard a cry of alarm, and went to the door just as her child was knocked down by the horse. Such proof was sufficient to carry the case to the jury, both upon the question of the negligence of the parents and of the driver of the car. It is not negligent for a parent to allow children of the age of the plaintiff to go upon the sidewalk, even in a city, and, as the child in this case went upon the street with an older boy, without the knowledge of the parents, they cannot be charged with negligence therefor, even if the act evinced a want of care; neither can the parents be held responsible for the act of the person who called the child back, when it was in a place of safety, and thus precipitated the accident. The testimony on the part of the defendant tended to show that the driver of the car saw the child when he started with the boy

from his own door, and saw him cross the street in safety, and that then the child started back, and ran into the whiffle-trees, and fell, and the driver stopped the car as quickly as possible. Upon such evidence it was plainly the province of the jury to determine the questions of fact involved, and the refusal of the court to dismiss the complaint was not erroneous. The jury solved the questions in favor of the plaintiff upon abundant testimony to support such solution, and there is no room for the interference of an appellate court. Complaint is made of the size of the verdict, but that also is a question for the jury, and we cannot say that its size evinces the presence of either passion or prejudice. The child has lost his leg, and must go through life maimed, and we cannot say the verdict is more than sufficient for his compensation for so great a calamity. The judgment and order denying the motion for a new trial should therefore be affirmed, with costs.