### AKERSLOOT *v.* SECOND AVE. R. CO.

(*Superior Court of New York City, General Term.* August 27, 1891.)

EXCESSIVE DAMAGES—LOSS OF LEG.

>    Plaintiff, a boy five years old, while in charge of an adult, attempted to board defendant's street-car, and was thrown from the step to the ground by the negligent sudden starting of the car, sustaining injuries resulting in the loss of that portion of the leg below the knee. *Held*, that a verdict for $12,000 damages is not excessive.

Appeal from special term.

Action by George C. Akersloot, an infant, by Henry S. Akersloot, his guardian, against the Second-Avenue Railroad Company, for personal injuries. There was evidence that plaintiff, a child about five years old, while in charge of an adult who was holding him by the hand, attempted to board one of defendant's cars, which she had signaled to stop, and that, while she and the child were standing on the step running along the side of the car, the car was suddenly started, so that she was thrown forward into the seat, while the child was thrown off the step to the ground, so that the car passed over his leg, injuring it so that amputation below the knee was necessary. There was a verdict for plaintiff for $12,000, and defendant appeals from a judgment entered thereon, and from an order denying its motion for a new trial.

For action by plaintiff's father, Henry S. Akersloot, for loss of services and necessary expenses incurred by him as father of the infant, by reason of the injury, see 8 N. Y. Supp. 926.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Merrill & Rogers*, for appellant. *Franklin Bartlett*, for respondent.

FREEDMAN, J. Upon the facts disclosed at the trial, the question of negligence on the part of the person having charge of the infant plaintiff at the time of the occurrence complained of, and the question of defendant's negligence, were questions for the jury, and they were fully and fairly submitted, under a charge which carefully guarded every right which the defendant had. There was no error in the charge or the refusals to charge otherwise, and the jury were expressly instructed to determine the case upon their own recollection of the evidence, and not upon any allusion of the trial judge as to his recollection of certain particulars. Nor can it be held that, under all the circumstances, the verdict of $12,000 for the loss of plaintiff's leg, and the suffering connected with it, is excessive in amount. Upon the whole case, no substantial reason appears why the verdict of the jury should be disturbed. The judgment and order should be affirmed, with costs. All concur.