White, J.
(dissenting).—On the 21st-day of October, 1893, the plaintiff, who was then a very bright and intelligent boy nine years old, got upon the lower step of the platform of one of the defendant’s street cars as it started, for the purpose of “ stealing ” a ride, holding on to the dashboard of the car with his right hand, and holding in his left hand a handle affixed to the front end of the body of the car at the side where- he stood. While in this position, and after the car had acquired an ordinary rate of speed, the conductor approached, and perhaps stepped out upon the front platform, and extended one or both of his hands towards the boy, and exclaimed “Hey!” As the conductor did this the boy loosed' his hold upon the dashboard, his body- swung around under the car and he was injured, As he looked up and saw the conductor and heard the exclamation he was frightened, and claims that the *704 fright caused him to loose his hold, and that, therefore, it was the proximate cause of the injury. The plaintiff frequently indulged in the practice of stealing rides on the street cars ; he knew it was wrong and that it was dangerous and that he was liable to get hurt. It was his habit, when stealing rides in this way, to watch for the approach of the conductor in order to jump off before the conductor could get near enough to catch him. On this occasion he followed his usual custom in this respect, but for some reason failed to observe the approach of that official until he was upon the front platform. There is in fact a sharp and decided conflict in the evidence concerning the movements and acts of the conductor, but the jury found them to be substantially as narrated above, and we will assume that the evidence justifies that finding. The theory upon which the case was tried, and upon which it was submitted to the jury, is that the jury was authorized to find from the evidence that the plaintiff was induced to loose his hold of the dashboard by a well-grounded .fear of violence and bodily harm at the hands of the conductor, and that, therefore, the act of the conductor caused the injury complained of. No claim is made by the plaintiff but that he fully understood and comprehended the danger involved in the practice in which he was engaged; he testifies to the fact himself, and, therefore, he was guilty of such contributory negligence as will preclude a recovery, unless, as claimed by him, he was frightened by the act and exclamation of t,he conductor, and had reasonable cause to apprehend violence and bodily harm at his hands, and the injury resulted solely from his attempt to escape such violence and bodily harm. Schmidt v. Cook, 1 Mis. Rep. 227; 49 St. Rep. 213.
It is urged by the defendant that error was committed upon the trial in permitting the plaintiff’s mother, when testifying as a witness, to be asked whether, at the time of the accident, she kept a servant or did her own housework. The question was not answered, and so no harm resulted from it. The defendant also insists that error was committed in allowing the plaintiff to testify that he was frightened when he discovered the conductor on the platform, and to give that as a reason for loosing his hold upon the dashboard. I do not think the admission of that evidence was erroneous, nor do I think the case of Abbott v. People, 86 N. Y. 460, relied upon by the defendant as an authority in its favor on this point, supports its claim. Nor can it be said from the amount of damages awarded that the jury was influenced by passion, prejudice or corruption, or that the verdict is excessive. Akersloot v. Second Ave. R. Co., 40 St. Rep. 231; 15 N. Y. Supp. 864; Ehrman v. Brooklyn City R. Co., 38 St. Rep. 336; 14 N.Y. Supp. 336.
The vital question on this appeal is whether or not the evidence justifies the inference that the plaintiff attempted to leave the car, or loosed his hold upon the dashboard, solely in consequence of a reasonable apprehension or fear of bodily harm at the hands of the conductor. If such an inference is not warranted by the evidence then the verdict should not be allowed to stand. Hogan v. Central Park, etc., R. Co., 124 N. Y. 647; 36 St. Rep. 352.
*705 As bearing upon this proposition the plaintiff himself says: “The conductor .came throu'gh the car and did like that to me (indicates that the conductor made a motion towards him with one or both hands), and hollered ‘ Hey I ’ to me. * * * I got scared and let go with my right hand and I got dragged about ten or fifteen feet and then I let go. I was afraid of the conductor. John Pfeiffer was playing with me that day ; we just came from the store. We used to take rides on these cars sometimes. I don’t know how often I had jumped on and off the cars in this way. This was the first time when I was on the platform” (probably meaning front platform). “I was not watching for the conductor. I had looked in the window and seen the conductor before in the car when I was on the step. I had not ridden on the front step of the car before just as I was riding then; this was the first time. I had jumped on the hind platform before and ridden there when I was stealing a ride. I could not tell how many times I had done that, * * * quite a number of times. I knew it wasn’t right to jump on a car in that way. When I have been on the rear platform in that way hanging on the car I have looked up into the window and seen the conductor. I would have to keep a watch on the conductor so he would not catch me. I paid no attention to him on this day. I knew when I was riding on these steps of the car when the conductor came hack towards me 1 would jump off, and jump off before he got to me. I would not let him get hold of me. I knew that in jumping on the cars andjumping off again in that way I was likely to get hurt by it. When I stood there I could look back into the car, but I didn’t; I didn’t see the conductor at all until' he came up to the door. When I was riding on the back step in that way I used to keep watch on the conductor. I didn’t here because I didn’t think about it.” John Pfeiffer, the plaintiff’s companion, who was also stealing a ride upon the other end of the car, says he was watching the conductor all the time very closely, so that when he should come towards the rear of the car he could jump off, as he didn’t want the conductor to catch him on the car.
To my mind, if there is any fact established by a fair preponderance of the evidence in this case, it is that when the plaintiff got upon the platform of the car on the occasion in question it was not with the intention to become a passenger or to ride to any particular point or place, but solely for the purpose of stealing a ride, with the intention to jump off whenever he should observe the conductor’s approach to the front end of the car. He says he forgot to watch for his approach, and when he appeared upon the platform and made the motion with his hand and hollered “ Hey!" he' was scared and loosed his hold. Whether the novelty "of the experience in stealing a ride upon the front platform had so absorbed his attention that he forgot to look for the approach of the conductor, or whether his approach had been concealed by passengers, as is indicated by the evidence of some of the witnesses, is not quite certain, but certain it is to my mind that the plaintiff’s attempt to leave the platform was not solely in consequence of what the *706 conductor said or did, but was in pursuance of his intention to do so, when he got upon the platform,, whenever the conductor should approach the point where he stood. When injured he was attempting to do just what he had done many times before, and just what he intended to do when he got upon the platform of the car. He does not even say he believed, or had any reason to suppose, that the conductor would do him bodily harm. The case is barren of evidence which would justify such an. apprehension; there is no evidence that any threat of violence was made by the conductor by word or act.
As this case appears to me it is easily distinguishable from the cases of McCann v. Sixth Ave. R. R. Co., 117 N. Y. 505; 27 St. Rep. 834, and Clark v. N. Y., L. E. & W. R. R. Co., 40 Hun, 605; 2 St. Rep. 249. In those cases the parties injured were induced to jump from moving cars in consequence of an actual physical assault by the defendant’s servants in one case, and of threatened bodily harm in the other. In neither was the act which resulted in the injury premeditated, or in pursuance of a design to perform it when boarding the car ; while in the case at bar it was.
It seems clear tome that no sufficient reason exists for charging the defendant with responsibility for the consequences of this unfortunate accident, and that, therefore, the order and judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.
Judgment and order affirmed.