Max Garelick, an Infant, by Jacob Garelick, His Guardian ad Litem, and Jacob Garelick, Individually, Appellants, *v.* Julia Giles, Respondent, and Francis W. Finney, Defendant.

First Department, June 5, 1942.

*Nathan Grossman* of counsel [*Harry Zeitlan* and *George Ammerman* with him on the brief; *Grossman & Grossman*, attorneys], for the appellants.

*Edward M. Fuller*, for the respondent.

Per Curiam. Upon the record we think that plaintiffs were deprived of their right to have the jury determine the question of the credibility of witnesses uninfluenced by the opinion of the court. Though the court did not directly state to the jury its opinion of the facts, the conclusion is inescapable that the language of the charge was calculated to convey to the jury the impression that the criticisms contained therein were all directed against plaintiffs. At one point the court went so far as to state: " It is a very serious question indeed whether, even on his own story, he [infant plaintiff] is entitled to a verdict." In such circumstances it could hardly be anticipated that plaintiffs' evidence would receive at the hands of the jury that impartial consideration guaranteed by law. A new trial is accordingly warranted. (*Hogan* v. *Central Park, North and East River R. R. Co.*, 124 N. Y. 647, 649; *Hunt* v. *Becker*, 173 App. Div. 9; *Broderick* v. *Brooklyn, Queens County & S. R. R. Co.*, 186 id. 546.)

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.