■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY DALE SMITH, Appellant. [651 NYS2d 567] —Motion by the People for reargument of an appeal from a judgment of the County Court, Nassau County, rendered July 12, 1994, which was determined by decision and order of this Court dated September 23, 1996.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted, and, upon reargument,

the unpublished decision and order of this Court dated September 23, 1996, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 12, 1994, convicting him of manslaughter in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for manslaughter in the first degree under count one of the indictment, vacating the sentence imposed thereon, and dismissing the first count of the indictment without prejudice to the People to re-present any appropriate charges to another Grand Jury (*see, People v Beslanovics,* 57 NY2d 726); as so modified, the judgment is affirmed.

When the evidence, viewed in the light most favorable to the defendant, would support a requested charge, the court must so charge the jury, and it is reversible error to fail to do so (*see, People v Watts,* 57 NY2d 299, 301; *People v Torre,* 42 NY2d 1036, 1037; *People v Steele,* 26 NY2d 526, 528-529). According to the defendant's testimony, the two deceased victims, Robert Grecz and Jay Fiederlein, held him at gunpoint in the bathroom of Grecz's house, and attempted to force him to engage in certain sexual acts. However, when the defendant refused, and vomited, Fiederlein went to the bedroom to lie down, and Grecz settled into a tub of water, with the defendant left sitting on the toilet as he had been instructed. When the gun began to slip from Grecz's hand, the defendant grabbed it. Grecz "lunged" at the defendant. The defendant backed up as far as he could, to the toilet, and then fired the gun. The defendant then opened the door of the bathroom, and, as he tried to squeeze out of the small bathroom, Grecz continued to attempt to grab the defendant. The defendant fired several more shots. Given that version for the jury's consideration, the court should have charged justification as to the shooting of Grecz (*cf., People v Schwartz,* 168 AD2d 251, 253; *People v Jeffries,* 166 AD2d 665).

The trial court properly declined to charge justification as to the shooting of Fiederlein. According to the defendant's testimony, after shooting Grecz, the defendant tried to leave through the front door, but was unable to open it. He heard a noise behind him, and he went to the bedroom where Fiederlein was lying down. As the defendant went to the bedroom

door, Fiederlein "move[d] to look up at [the defendant]". The defendant saw a knife on the table, and shot Fiederlein. Under those circumstances, no reasonable person would have believed that he was in imminent danger of having deadly physical force used against him (see, e.g., Abbott v People, 86 NY 460, 470-471). Even by the defendant's own version of events, Fiederlein had made no aggressive move, but simply looked at the defendant. The defendant possessed the only gun, and there is no evidence that Fiederlein attempted to grab the knife which the defendant alleges was there.

Furthermore, no view of the evidence supports the conclusion that, at the time of the shootings, the defendant reasonably believed that Grecz or Fiederlein were committing or attempting to commit a forceable sodomy against him. Thus, the trial court also properly declined to charge this aspect of justification (Penal Law § 35.15 [2] [b]).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.